Filed 5/26/26  P. v. Layng CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER JOSEPH LAYNG,<br><br>    Defendant and Appellant. | 2d Crim. No. B347583<br>(Super. Ct. No. 24F-06310)<br>(San Luis Obispo County) |

Appellant Christopher Joseph Layng appeals his conviction, following a no contest plea, of possession of ammunition by a felon.  (Pen. Code, § 30305, subd. (a)(1).)

Sheriff's Deputies contacted Layng next to his illegally parked vehicle.  A records check identified him as being on felony probation with terms including search of person and property.  During the subsequent probation search, narcotics were discovered on Layng's person and ammunition was discovered in his vehicle.

Layng was initially charged with possession of ammunition by a felon (Pen. Code § 30305, subd. (a)(1)) and misdemeanor possession of methamphetamine (Health and Saf. Code § 11377, subdivision (a)). He entered his no contest plea on September 17, 2024, was convicted, and allegedly violated the terms of his probation shortly thereafter. He filed a motion to withdraw his plea, which the prosecution opposed. The trial court denied his motion, finding "the declaration in support of that motion is vague and conclusory," there was "no corroborating evidence," and Layng did not meet the standard to withdraw his plea. Layng thereafter admitted the probation violation.

Layng then filed a notice of appeal and sought a certificate of probable cause challenging the validity of his plea on the basis he was "operating under a mistake, ignorance, and inadvertence as to the true factual circumstances of the charges against him." He claimed that after he entered the no contest plea, he "discovered law enforcement had placed the ammunition in the trunk of the vehicle" and he "would not have . . . accepted the plea bargain had he known the true factual circumstances." The court denied his request for a certificate of probable cause.

Layng did not seek appellate review of the denial of a certificate of probable cause. On January 30, 2026, Layng's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. The brief included a declaration stating counsel had written to Layng, explained the brief counsel was filing, and informed him of his right to file a supplemental brief. On February 2, 2026, we advised Layng by mail that he had 30 days to file a supplemental brief raising any issues he wished us to consider. We did not receive a response.

2

We have reviewed the entire record and are satisfied no arguable issue exists.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441-443.)  Specifically, nothing in the appellate record indicates Layng possesses any basis to challenge his plea which would not be barred by his failure to obtain a certificate of probable cause. The judgment is affirmed.

NOT TO BE PUBLISHED.



CODY, J.

We concur:


YEGAN, Acting P. J.


BALTODANO, J.

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.